UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SON T. NGUYEN and HANH T. NGUYEN,<br><br>              Plaintiffs,<br>v.<br><br>JP MORGAN CHASE BANK N.A.,<br><br>              Defendant. | Case No.: CV12-04183<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>Date: October 16, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>**(Re: Docket No. 6)** |

On August 9, 2012, Son T. Nguyen and Han T. Nguyen ("Plaintiffs") filed a Complaint alleging slander of title and Cal. Bus. & Prof. Code § 17200, et seq ("UCL"). On September 4, 2012, JP Morgan Chase Bank, N.A. ("Defendant"), as successor in interest to Washington Mutual Bank, FA, moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Plaintiffs filed an opposition on September 18, 2012, to which Defendant filed a reply on September 24, 2012. On October 16, 2012, the court ordered oral argument but only Defendant appeared, despite the court granting Plaintiffs permission to appear by phone. Having reviewed the

1

Case No.: 5:12-cv-00917-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

papers, and considered the arguments and evidence presented, the court GRANTS Defendants' motion.

## I. BACKGROUND

Except where otherwise noted, the court draws the following facts, taken as true for the purposes of a motion to dismiss, from Plaintiffs' Complaint. In 2005, Plaintiffs obtained a loan for $1,175,000.00 from Washington Mutual Bank ("WaMu"), which was secured by a deed of trust on Plaintiffs' property located at 2118 Chisin Street, San Jose, California, 95121. WaMu securitized the loan by assigning the beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for Washington Mutual Mortgage Pass-Through Certificates Series 2005-AR8 Trust ("the Loan Trust") in 2005. In 2008, WaMu became insolvent and entered into a receivership with the Federal Deposit Insurance Corporation ("FDIC") acting as the receiver. JP Morgan Chase Bank entered a Purchase and Assumption Agreement ("P&A Agreement") to acquire certain assets, liabilities, and obligations of WaMu. Plaintiff alleges that the Deed of Trust on their property was not included in the assets assumed by Defendant, so Defendant has no enforceable interest in Plaintiffs' property.

On June 22, 2009, a Notice of Default and Election to Sell under the Deed of Trust was recorded in Santa Clara County Recorder's Office, initiating foreclosure proceedings on Plaintiffs' property. Plaintiff alleges that on the same day, an Assignment of Deed of Trust ("Assignment") was also recorded in Santa Clara County. The Assignment reflected the earlier securitization process in 2005.[1] On September 2, 2010, a Notice of Trustee's Sale was recorded in Santa Clara County Recorder's Office. On February 11, 2011, the second Notice of Trustee's Sale was recorded in the Santa Clara County Recorder's Office.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] If a plaintiff fails to proffer "enough facts to state a claim to relief that is

---

[1] *See* Docket No. 7, Ex. D.

[2] Fed. R. Civ. P. 8(a)(2).

2
Case No.: 5:12-cv-00917-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[3] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[8] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[9]

### III.   DISCUSSION

#### A.   Request for Judicial Notice

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant requests the court to take judicial notice of the following: foreclosure-related documents recorded in the Santa Clara County Recorder's Office (Exs. A, D-G); the P&A Agreement between WaMu and Chase, available to the public through the FDIC website (Ex. B); the affidavit of the FDIC recorded on October 3, 2008 with the King County Recorder's Office (Ex. C); and filings associated with the previous Santa

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[5] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[7] *See Id.* at 1061.

[8] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[9] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1   Clara County Superior Court case involving Plaintiff and Defendant regarding the same foreclosure
2   matter (Ex. H-K).[10]

3   Defendant has not requested that the court take notice of disputed facts within the documents, and the court will not rely on facts contained therein that reasonably may be subject to dispute.[11] The authenticity of the foreclosure-related documents, the P&A Agreement filed with the FDIC, moreover, is not in dispute and may be verified in the public record.[12] With this understanding in mind, Defendant's request for judicial notice is GRANTED as to the all of the documents.

### B.     Motion to Dismiss

As a preliminary matter, Defendant argues that Plaintiffs lack standing to challenge the circumstances of the securitization transaction because Plaintiffs were neither parties nor intended third-party beneficiaries to this transaction.[13] Defendant argues that under governing contract law, Plaintiffs have no right to challenge the contract or enforce its terms.

Defendant cites as one example a nonpublished Sixth Circuit Court of Appeals decision to illustrate their assertion that the borrower lacks standing to challenge defects in an assignment of title.[14] However, the Sixth Circuit noted that a borrower would have standing to challenge a completely invalid assignment (such as assignee's lack of title) because otherwise the borrower would be at risk for paying the debt twice.[15] If, as Plaintiffs allege here, the Assignment in question was invalid because the assignee lacked title,[16] then Plaintiffs would potentially be subject

---

[10] *See* Docket No. 7.

[11] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice). *See also* Fed. R. Evid. 201(b).

[12] *See* Fed. R. Ev. 201(b)(2).

[13] *See* Docket No. 6 at 7.

[14] *See* Docket No. 6 at 7 (citing *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 399 Fed. Appx. 97, 102 (6th Cir. 2010)).

[15] *Id.*

[16] *See* Docket No. 1 ¶¶ 17.

4
Case No.: 5:12-cv-00917-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

to multiple obligations to pay their debt.  Thus, the court is not persuaded that standing bars Plaintiffs' claims and turns to the sufficiency of Plaintiffs' claims for slander of title and UCL.

### 1. Plaintiffs' Claim for Slander of Title

Plaintiffs allege that Defendant slandered Plaintiffs' title by recording the "false and invalid" Assignment of the Deed of Trust on June 22, 2009.  To state a claim for slander of title, Plaintiffs must properly allege: "1) a publication, 2) which is without privilege or justification, 3) which is false, and 4) which causes direct and immediate pecuniary loss."[17]

Defendant does not dispute that there was a publication in the recording of the Assignment. However, Defendant contends that Plaintiffs cannot sustain a claim for slander of title because the last three elements cannot be met.  Defendant argues the Assignment was authorized and not false, the Assignment was a privileged act, and Plaintiffs suffered no damages from the recordation.

#### a. The Falsity of the Assignment

Defendant contends that Plaintiffs cannot show the element of falsity.  Plaintiffs allege the Assignment was false for three reasons: first, Defendant could not have owned Plaintiff's Deed of Trust because Defendant never owned the beneficial interest; second, the Assignment was invalid because the transfer took place after the July 15, 2005 closing date set forth in the Pooling and Service Agreement; and third, even if Defendant owned the beneficial interest, the Assignment was invalid because it was signed by a "robo-signer."[18]

Although not necessary to resolve the pending motion, the court is nevertheless compelled to address each of the supposedly false actions at issue.  First, Plaintiffs' assertion that the Assignment was invalid because Defendant had already conveyed their beneficial interest in an earlier transaction is contradicted by facts and documents presented by Plaintiffs themselves. WaMu's assignment of Plaintiffs' mortgage to Deutsche Bank as trustee for the Loan Trust was executed in 2005; the transaction was later recorded at the Santa Clara County Recorder's Office on June 22, 2009.[19]  Therefore, Plaintiffs' argument that the Assignment recorded in June 22, 2009

---

[17] *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

[18] *See* Docket No. 1 ¶¶ 17-19.

[19] *See* Docket No. 1 ¶¶ 10, 11 and Docket No. 7, Ex. D.

5
Case No.: 5:12-cv-00917-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

was invalid because of a prior assignment in 2005 is nonsensical because both events refer to the same transaction.

More fundamentally, if Plaintiffs are attempting to argue that the securitization process somehow divested WaMu and its successors-in-interest of the ability to enforce the deed of trust, that argument is patently incorrect. Numerous courts have recognized that a defendant bank does not lose its ability to enforce the terms of its deed of trust simply because the loan is assigned to a trust pool.[20] In fact, "securitization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note, and does not change the relationship of the parties in any way."[21] Therefore, such an argument would fail as a matter of law.[22]

Second, Plaintiffs assert that the Assignment was invalid because it occurred after the July 15, 2005 closing date. This is contradicted by Plaintiffs' own documents. The documents attached to the complaint illustrating the chain of title state the Assignment was made "on or about July 15, 2005."[23] The fact that the transaction was recorded on June 22, 2009 does not change the date the transaction took place, which both parties agreed was in 2005, on or before the closing date.[24]

Nevertheless, as noted above, the falsity element is met by Plaintiffs' third assertion. They allege the Assignment was false because it was signed without proper authority by Huey-Jen Chui, allegedly as "Vice President" of Defendant Company, JP Morgan Chase Bank.[25] Plaintiffs allege that the Chui is not an employee of Defendant Company, but rather a "robo-signer" employed at California Reconveyance who merely signs property records without any legal or corporate

---

[20] *See, e.g., Sami v. Wells Fargo Bank*, No. C 12–00108 DMR, 2012 WL 967051 (N.D. Cal. Mar. 21, 2012).

[21] *Id.*

[22] *See, e.g., Permito v. Wells Fargo Bank, N.A.*, No. C–12–00545 YGR, 2012 WL 1380322 (N.D. Cal. Apr. 20, 2012).

[23] Docket No. 1 at 16.

[24] *See* Docket No. 1 ¶¶ 17; *See also* Docket No. 7, Ex. D.

[25] *See* Docket No. 7, Ex. D.

6
Case No.: 5:12-cv-00917-PSG
**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

authority. Defendant does not challenge this allegation. This is sufficient to state the falsity element of the slander of title claim for purposes of a motion to dismiss.[26]

### b. Recordation of the Assignment as a Privileged Act

Defendant argues the recordation of the Assignment was a privileged act, which would defeat the third element of slander of title. California Civil Code Section 47(c)(1) defines a privileged communication, among others, as a "communication, without malice, [made] to a person interested therein (1) by one who is also interested." California Civil Code section 2924(d) establishes that the recording of an assignment of a deed of trust is a privileged act.[27]

The court agrees with the Defendant. It is true that the privilege doctrine does not apply when the plaintiff shows that the defendant acted with malice.[28] Malice requires that the defendant was either "motivated by hatred or ill will towards the plaintiff" or "lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights."[29] Plaintiffs argue that malice is established by Defendant executing and recording the June 22, 2009 Assignment despite knowing it could not have received the beneficial interest. Plaintiffs also charge that the use of a "robo-signer" also shows Defendant's malice and reckless disregard for the truth. But these arguments are entirely conclusory; "the mere formulation of false documents is inadequate to plead malice."[30] Therefore, no malice exception applies.

### c. Pecuniary Damages from Recordation

Plaintiffs also fail to state a "direct and immediate" pecuniary harm as a result of the alleged false publication. The monetary harm pleaded in the complaint is based on the alleged

---

[26] *See, e.g.*, *Ogilvie v. Select Portfolio Servicing*, No. 12–CV–001654–DMR, 2012 WL 3010986 (N.D. Cal. July 23, 2012), at *3.

[27] California Civil Code section 2924(d) states that "All of the following shall constitute privileged communications pursuant to Section 47… (2) Performance or the procedures set forth in this article."

[28] *Ogilvie*, 2012 WL 3010986, at *4.

[29] *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (citations omitted).

[30] *Ogilvie*, 2012 WL 3010986, at *4 (internal citations omitted).

"impair[ment] of vendibility" to the Property, as well as Plaintiffs' need to retain attorneys and file suit in order "to cancel the instruments casting doubt on Plaintiffs' title."[31] This harm is insufficient, however, because fees incurred prosecuting the slander of title are not recoverable.[32]

### 2. Plaintiffs' Claim for Violation of Cal. Bus. & Prof. Code § 17200

Plaintiffs' claim under the UCL also must fail. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."[33] Plaintiffs have not alleged any independent claims that arise out of unfair, unlawful, or deceptive conduct. Rather, Plaintiffs themselves admit that their UCL claims are dependent on the success of their first action for slander of title.[34] Because, as discussed above, Plaintiffs' claim for slander of title must fail, so, too, must Plaintiffs' UCL claim.

### 3. Additional Claims

In Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs identify additional claims, such as violations of California Civil Code section 2932.5 and RESPA.[35] Because none of these claims are ever mentioned in the complaint, the court may not consider them here.

## IV.   CONCLUSION

Defendant's motion to dismiss Plaintiffs' Complaint is GRANTED with leave to amend. Any amended complaint shall be filed no later than October 31, 2012.  IT IS SO ORDERED.

Dated: October 17, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[31] Docket No. 1 ¶¶ 22.

[32] *Ogilvie*, 2012 WL 3010986, at *4; *Seeley v. Seymour,* 190 Cal. App. 3d 844, 865-66 (1987).

[33] *Puentes v. Wells Fargo Home Mortg., Inc*, 160 Cal. App. 4th 638, 644 (2008) (internal quotation marks and citations omitted).

[34] *See* Docket No. 1 ¶¶ 25.

[35] Docket No. 12 at 8, 12.