1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SON T. NGUYEN and HANH T. NGUYEN,<br><br>                   Plaintiffs,<br>      v.<br><br>JP MORGAN CHASE BANK N.A.,<br><br>                Defendant. | Case No.: 12-CV-04183<br><br>**ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>**(Re: Docket No. 31)** |

On October 29, 2012, Son T. Nguyen and Han T. Nguyen ("Plaintiffs") filed their first amended complaint, alleging (1) slander of title, (2) wrongful foreclosure, (3) violation of California Civil Code Section 2923.5, and (4) violation of California's Unfair Competition Law ("UCL").  As successor in interest to Washington Mutual Bank, FA, JP Morgan Chase Bank, N.A. ("Defendant") moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted.  Plaintiffs oppose.  The parties appeared for hearing.  Having reviewed the papers, and considered the arguments and evidence presented, the court GRANTS-IN-PART Defendant's motion to dismiss.

## I.   BACKGROUND

Except where otherwise noted, the court draws the following facts from Plaintiffs' complaint, taken as true for the purposes of a motion to dismiss.  In 2005, Plaintiffs took out a loan for $1,175,000.00 from Washington Mutual Bank ("WaMu"), that was secured by a Deed of Trust on Plaintiffs' property at 2118 Chisin Street, San Jose, California, 95121.  WaMu securitized the loan by assigning the beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for Washington Mutual Mortgage Pass-Through Certificates Series 2005-AR8 Trust ("the Loan Trust") in 2005.  In 2008, WaMu became insolvent and entered into a receivership, with the Federal Deposit Insurance Corporation ("FDIC") acting as the receiver.  JP Morgan Chase Bank entered a Purchase and Assumption Agreement ("P&A Agreement") to acquire certain assets, liabilities, and obligations of WaMu.

On June 22, 2009, a Notice of Default under the Deed of Trust was recorded in Santa Clara County Recorder's Office, initiating foreclosure proceedings on Plaintiffs' property.  Plaintiffs allege that on the same day, an Assignment of Deed of Trust also was recorded in Santa Clara County.  The Assignment was signed by Huey Jen Chui ("Chui") as Vice President for Defendant and reflected the earlier 2005 securitization process.[1]  On September 2, 2010, a Notice of Trustee's Sale was recorded in Santa Clara County Recorder's Office. On February 14, 2011, a second Notice of Trustee's Sale was recorded in the Santa Clara County Recorder's Office.

On August 9, 2012, Plaintiffs filed a complaint alleging slander of title and a violation of unfair competition laws.  Plaintiffs allege that the Deed of Trust on their property was not effectively included in the assets assumed by Defendant, so Defendant has no enforceable interest in Plaintiffs' property.  On September 4, 2012, Defendant moved to dismiss Plaintiffs' complaint and requested that the court take judicial notice of the following: foreclosure-related documents

---

[1] *See* Docket No. 7, Ex. D.

2

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

recorded in the Santa Clara County Recorder's Office (Exs. A, D-G); the P&A Agreement between WaMu and Chase, available to the public through the FDIC website (Ex. B); the affidavit of the FDIC recorded on October 3, 2008 with the King County Recorder's Office (Ex. C); and filings associated with the previous Santa Clara County Superior Court case involving the parties regarding the same foreclosure matter (Ex. H-K).[2]   Noting that it would not rely on facts that could reasonably be subject to dispute, the court granted the request for judicial notice and subsequently dismissed the complaint on October 17, 2012, with leave to file an amended complaint.[3]

## II.    LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[5]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7]

---

[2] *See* Docket No. 7.

[3] *See* Docket No. 29.

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[7] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

3

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[8]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[9]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[10] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[11]

### III.    DISCUSSION

**A.    Slander of Title**

In their amended complaint, Plaintiffs reassert a claim for slander of title.  Plaintiffs allege that Defendant slandered Plaintiffs' title by recording a "false and invalid" Assignment of the Deed of Trust.[12]  To state a claim for slander of title, Plaintiffs must properly allege: "1) a publication, 2) which is without privilege or justification, 3) which is false, and 4) which causes direct and immediate pecuniary loss."[13]

Defendant does not dispute that there was a publication in the recording of the Assignment. However, Defendant argues that Plaintiffs cannot sustain a claim for slander of title because the

---

[8] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[9] *See id.* at 1061.

[10] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[11] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[12] *See* Docket No. 31 at 6-14.  The court notes that Plaintiffs also allege Defendant slandered Plaintiffs' title by recording a "false and invalid" June 22, 2009 Notice of Default, September 2, 2010 Notice of Trustee's Sale, and February 14, 2011 Notice of Trustee's Sale.  However, as these claims are predicated on the falsity of the Assignment, the court will focus on this allegation for the purposes of the motion.

[13] *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

United States District Court
For the Northern District of California

allegations cannot sustain the remaining three elements of a slander of title claim.  The court considers each argument as follows.

### 1.    Falsity of the Assignment and Notice of Default

Defendant first contends that Plaintiffs do not sufficiently allege the element of falsity. Plaintiffs allege the Assignment was false for three reasons: first, Defendant could not have owned Plaintiff's Deed of Trust because Defendant never owned the beneficial interest; second, the Assignment was not recorded within 90 days of the July 15, 2005 closing date as required by the Pooling and Service Agreement; and third, even if Defendant owned the beneficial interest, the Assignment was invalid because it was signed by a "robo-signer."[14]

As noted in the court's October 17 order dismissing Plaintiffs' original complaint, at least the third of Plaintiffs' assertions satisfies the falsity element.  Plaintiffs allege the Assignment was false because it was signed without proper authority by Huey-Jen Chui, allegedly as "Vice President" of Defendant.[15]  Plaintiffs allege that Chui is not an employee of Defendant, but rather a "robo-signer" employed at California Reconveyance Company ("CRC") who merely signs property records without any legal or corporate authority.  While Defendant challenges this allegation as baseless,[16] the court must accept the factual allegations of the complaint as true, and so Plaintiffs have sufficiently alleged the falsity element.[17]

### 2.    Recordation of the Assignment as a Privileged Act

Defendant next contends the recordation of the Assignment was a privileged act.  California Civil Code Section 47(c)(1) defines a privileged communication, among others, as a

---

[14] *See* Docket No. 31 at 6-14.

[15] *See* Docket No. 7, Ex. D.

[16] *See* Docket No. 35 at 10.

[17] *See, e.g., Ogilvie v. Select Portfolio Servicing*, Case No. 12–CV–001654–DMR, 2012 WL 3010986, at *3 (N.D. Cal. July 23, 2012).

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

United States District Court
For the Northern District of California

"communication, without malice, [made] to a person interested therein (1) by one who is also interested."  California Civil Code Section 2924(d) separately and specifically establishes that the recording of an assignment of a Deed of Trust is a privileged act.[18]  This same statute also applies to Plaintiffs' identical claims concerning the Notice of Default and the Notices of Trustee's Sale.[19]

Plaintiffs concede that the privilege is applicable.[20]  Plaintiffs argue, however, that the recording was made with malice.  While the privilege doctrine does not apply when plaintiffs can show the defendant acted with malice,[21] malice requires that the defendant was either "motivated by hatred or ill will towards the plaintiff" or "lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights."[22]

Plaintiffs reassert allegations that were insufficient to establish a malice exception in the initial complaint: that Defendant made the assignment despite knowing it did not have beneficial interest in the Loan; that Defendant knew there was no underlying assignment; and that Defendant acted recklessly by using a robo-signer.  Again, Plaintiffs' arguments are conclusory; they give no specific reasons to support an inference that formulation of the documents was intentionally done with ill will or done without at least a reasonable belief in their truth.  "[T]he mere formulation of false documents is inadequate to plead malice;"[23] as before, no malice exception applies.

---

[18] California Civil Code Section 2924(d) states that "All of the following shall constitute privileged communications pursuant to Section 47… (2) Performance or the procedures set forth in this article."

[19] *See id.*

[20] *See* Docket No. 39 at 14.

[21] *Ogilvie*, 2012 WL 3010986, at *4.

[22] *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (citations omitted).

[23] *Ogilvie*, 2012 WL 3010986, at *4 (internal citations omitted).

6

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

3.      **Pecuniary Damages from Recordation**

Plaintiffs also fail to state a "direct and immediate" pecuniary harm as a result of the

alleged false publication. As in their original complaint, the monetary harm is based on the alleged

"impair[ment] of vendibility" to the Property, as well as Plaintiffs' need to retain attorneys and file

suit in order "to cancel the instruments casting doubt on Plaintiffs' title."[24]   Although Plaintiffs cite

California authority to support their argument that attorney fees and costs may serve as pecuniary

damages, Plaintiffs miss a significant distinction.[25]   "[F]ees to quiet title are part of damages, but

fees to prosecute a slander of title action are not."[26]   As Plaintiffs have introduced no specific and

non-speculative facts related to impairment of vendibility, they have not alleged direct and

immediate pecuniary harm.

**B.      Wrongful Foreclosure**

Wrongful foreclosure is an action in equity in which the mortgagor or trustor seeks to

unwind an "illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of

sale in a mortgage or deed of trust."[27]   The elements of wrongful foreclosure are:

> (a) the trustee or mortgagee caused an illegal, fraudulent or willfully oppressive sale of real
> property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking
> the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3)
> in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor
> tendered the amount of secured indebtedness or was excused from tendering.[28]

Defendant cites *Rosenfeld* and *Lane* in arguing that the Plaintiffs may not bring a claim for

wrongful foreclosure until the foreclosure sale has actually occurred, and here no sale has taken

---

[24] Docket No. 39 at 19.

[25] *See id.*

[26] *Ryan v. Editions Ltd. West, Inc.*, No. C-0604812-PVT, 2007 WL 4577867, at *13 (N.D. Cal.
Dec. 27, 2007) (not reported in F.Supp.2d); *Ogilvie*, 2012 WL 3010986, at *4.

[27] *Ogilvie*, 2012 WL 3010986, at *4 (quoting *Lona v. Citibank N.A.*, 202 Cal. App. 4th 89, 104
(2011)).

[28] *Ogilvie*, 2012 WL 3010986, at *5 (quoting *Lona*, 202 Cal. App. 4th at 104 (2011)).

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

United States District Court
For the Northern District of California

place.[29]  Defendant's reliance on *Lane* is inapposite, however, because although the court dismissed the plaintiff's wrongful foreclosure claim, it did so because the defendant had the authority to foreclose, not because the wrongful foreclosure claim was premature.[30]  In fact, the *Lane* court granted a TRO and considered granting a preliminary injunction to halt the scheduled foreclosure sale, which had not yet taken place.[31]  *Rosenfeld* is closer to the case at hand, where the court found that although the plaintiff received a notice of default, no sale had occurred or had even been noticed, and so the cause of action was "premature."[32]

In their complaint, Plaintiffs ask the court to enjoin Defendant from enforcing their rights laid out in the purportedly false ownership documents.[33]  It is well-established that "a suit for an injunction deals primarily, not with past violations, but with threatened future ones; and that an injunction may issue to prevent future wrong, although no right has yet been violated."[34]  Unlike in *Rosenfeld*, Plaintiffs have received two Notices of Trustee's Sale, recorded on February 10 and February 14, 2011.  These notices reflect Defendant's intent to sell the property.[35]  If the foreclosure is indeed wrongful, it seems artificial and counter to the rules of equity to require Plaintiffs to wait for the inevitable to take place – the sale of their property – before bringing suit.  As Plaintiffs complaint notes, "[i]f defendants are permitted to rely on the wrongful Notice of

---

[29] *See* Docket No. 35 at 12 (citing *Rosenfeld v. JP Morgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 961 (N.D. Cal. 2010) and *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1097 (E.D. Cal. 2010) ("Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale.").

[30] *Lane*, 713 F. Supp. 2d at 1097.

[31] *See id.* at 1096.

[32] *Rosenfeld*, 732 F. Supp. 2d at 961.

[33] *See* Docket No. 31 at 19.

[34] *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928).

[35] *See* Docket No. 7, Ex. F and G ("Unless you take action to protect your property, it may be sold at a public sale.").

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Trustee's to complete this foreclosure process by conducting a Trustee's sale and issuing a Trustee's Deed Upon Sale, Plaintiffs will wrongfully lose their home."[36]  "Many courts have recognized that losing one's home through foreclosure constitutes irreparable harm."[37]  Injunctive relief is designed to prevent such irreparable harm from occurring *before* it occurs.[38]  As the complaint prays for an injunction based on allegedly wrongful foreclosure, the court finds it appropriate to examine the merits of the wrongful foreclosure claim, even though no sale has yet taken place.[39]

### 1.     Illegal Sale

Plaintiffs' claim challenging the sale was unlawful turns on whether Defendant had the authority to initiate foreclosure proceedings.  Plaintiffs allege that CRC acted on behalf of WaMu or Defendant, but neither of those entities held a valid beneficiary interest necessary to direct CRC's actions.

The foreclosure documents do not establish that Defendant had any beneficial interest, but merely refer to Defendant as the loan servicer.[40]  Regarding Wamu's status, the Notice of Default does not name Wamu as a current beneficiary, but rather the original beneficiary "recorded 02/09/2005."[41]  In the two Notices of Trustees' Sale, however, WaMu is listed as "Beneficiary."[42]

---

[36] Docket No. 31 ¶ 59.

[37] *Osorio v. Wells Fargo Bank*, Case No. C 12-02645 RS, 2012 WL 1909335, at*3 (N.D. Cal. May 24, 2012).

[38] *Cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (requiring the plaintiff to show irreparable injury and inadequacy of remedies at law before obtaining a permanent injunction).

[39] The court is not alone in considering the merits of a wrongful foreclosure claim for the purposes of enjoining a pending sale.  *See, e.g., Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 971-72 (N.D. Cal. 2012) and *Miller v. Carrington Mortgage Servs.*, Case No. C-12-2282 EMC, 2012 WL 3537056, at *6 (N.D. Cal. Aug. 14, 2012).

[40] *See* Docket No. 7, Ex. E at 2.

[41] *See id.*

[42] *See id.*, Exs. F, G.

9

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

While the court has taken judicial notice of these documents, the court does not as a matter of law accept their contents as absolute.  Although the documents suggest that either Defendant (in the Notice of Default) or WaMu (in the Notices of Trustees' Sale) are beneficiaries, the court may not rely on Defendant's assertions of this chain of title based on these documents.  Moreover, nothing in the September 2008 Purchase and Assumption Agreement specifically establishes that Plaintiffs' mortgage was among the instruments that were transferred.[43]  Defendant's version of the chain of title runs counter to Plaintiff's complaint, which alleges that the interest in their home had already "spun off" and thus was not included in the pool of assets and liabilities transferred from Wamu to JP Morgan Chase through the Purchase and Assignment Agreement.  Taking the allegations in the complaint as true, Defendant does not own the beneficial interest in Plaintiffs' property and the foreclosure would constitute an illegal sale.[44]

Defendant next argues that whether it owns the beneficial interest is irrelevant because Plaintiffs admit Defendant at least retained loan servicing rights of the mortgage, allowing CRC to act on behalf of Defendant's position as loan servicer to initiate the foreclosure.  Defendant cites case law stating that a "loan servicer [] is authorized to enforce the Deed of Trust beneficiary's security interest."[45]  However, Defendant cites no precedent which would allow a loan servicer to act independently or on behalf of an *unknown* beneficiary.  California Civil Code Section 2924(a)(1) gives loan servicers the ability issue the Notice of Default, but only if they are an

---

[43] *See id.*, Ex. D.

[44] *Cf. Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 6294472, at *10-14 (N.D. Cal. Dec. 15, 2011) (finding plaintiff's allegation that the foreclosing bank did not own the loan at the time of issuing the notice of default sufficient to sufficient to state a claim for wrongful foreclosure). *See also Selby v. Bank of America, Inc.*, No. 09cv2079 BTM(JMA), 2010 WL 4347629, at *4 (S.D. Cal. Oct. 27, 2010) (finding problematic "gaps in the documentation pertaining to the Deed of Trust and the transfer of rights thereunder," but granting motion to dismiss because plaintiff failed to allege that the entity "was not actually the beneficiary" or that the agent "was not an authorized agent of the beneficiary or trustee").

[45] *See* Docket No. 35 at 13.

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

"authorized agent" of the beneficiary.[46]  In each of the authorities cited by the Defendant, the

beneficiary, for whom the loan servicer was authorized to act, was a known entity.[47]  As discussed

above, it is disputed in this case which party holds the beneficial interest.  It is unclear how the

Defendant can claim to be an authorized agent when the identity of the party able to give that

authorization is in dispute.  By these facts, the Plaintiffs have sufficiently pled the element of an

illegal sale.

Plaintiffs also claim an illegal sale occurred due to Defendant's violations of Civil Code

Section 2923.5, which states in pertinent part that:

> Where a power to sell real property is given to a mortgagee . . . the power is part of
> the security and vests in any person who by assignment becomes entitled to
> payment of the money secured by the instrument.  The power of sale may be
> exercised by the assignee if the assignment is duly acknowledged and recorded.[48]

Defendant correctly argues that there is no requirement under California law for the foreclosing

entity to have recorded the assignment of the Deed of Trust.  Plaintiffs argue that Civil Code

Section 2932.5 limits the power of sale to be exercised only by an assignee who has recorded the

assignment.  Plaintiffs cite *In re Salazar* in support of their position that the foreclosing beneficiary

"had to be entitled to payment of the secured debt" and had to "appear before the sale in the public

record title for the Property" as the foreclosing beneficiary.[49]  Plaintiffs fail to note, however, that

on appeal by the bank, the court reversed and remanded, holding unequivocally that Section 2932.5

---

[46] Cal. Civ. Code § 2924(a)(1).

[47] *See Impink v. Bank of America*, Case No. 11-cv-0104 BTM (WMC), 2011 WL 3903197, at *4
(S.D. Cal. Sept. 6, 2011) (stating that loan servicer or agent may properly collect payment *on
behalf of beneficiary*); *Saldate v. Wilshire Credit Corp.*, 711 F.Supp.2d 1126, 1131 (E.D. Cal.
2010) (stating that "a loan servicer [ ] is authorized to enforce the *DOT beneficiary's* security
interest") (emphasis added).

[48] Cal. Civ. Code § 2923.5.

[49] *See In re Salazar*, 448 B.R. 814, 819-20 (Bankr. S.D. Cal. 2011).

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

United States District Court
For the Northern District of California

"does not apply to deeds of trust."[50]  The court in *In re Salazar* went on to hold that both the bank and the bank's nominal beneficiary and agent "are entitled to invoke the power of sale in the Deed of Trust."[51]  Section 2932.5 thus does not serve as a basis to challenge the actions by Defendant based on a failure to record.

Plaintiffs identify additional grounds for an illegal sale, such as claiming that the Plaintiff's loan is not in default, that the Trust is receiving payments and cannot now obtain ownership of the note, that Defendant violated Section 2923.6, and that the Servicer is motivated by a conflict of interest to foreclose.[52]  Because these claims were never mentioned in the complaint, the court may not consider them here.  In any event, as noted above, Plaintiffs sufficiently plead the illegal sale element.

### 2.  Prejudice or Harm

Plaintiffs allege that if Defendant proceeds with the foreclosure sale, Plaintiffs will be subject to the wrongful loss of their home.[53]  Defendant has not challenged this allegation as inadequate.  As expressed by the court in *Tamburri*, "the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner because there is no power of sale without a valid notice of default."[54]

---

[50] *In re Salazar*, 470 B.R. 557, 560 (Bankr. S.D. Cal. 2012).

[51] *Id.* at 562.

[52] *See* Docket No. 39 at 22-23.

[53] *See* Docket No. 31 at 16.

[54] *Tamburri*, 2011 WL 6294472, at *14 (citing *Castillo v. Skoba*, Case No. 10-cv-1838-BTM, 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010) ("The power of sale in a nonjudicial foreclosure may only be exercised when a notice of default has first been recorded . . . [A]ny foreclosure sale based on a void notice of default is also void.")).

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

### 3.   Tender or Excuse From Tender

The sale in this case has not yet taken place, and Defendants do not raise the "tender rule" as a basis for seeking dismissal of the wrongful foreclosure claim.  "[F]ailure to allege tender is not decisive at [the pleading] stage."[55]  The tender element of wrongful foreclosure is an equitable concept, so the court declines to apply the tender rule at this early pleading stage without an "opportunity to undertake a more informed analysis of the equities."[56]

## C.   Violation of California Civil Code Section 2923.5

Defendant moves to dismiss allegations under California Civil Code Section 2923.5 on the basis that they are preempted by the Home Owners' Loan Act ("HOLA"),[57] and the implementing regulations, including 12 C.F.R. 560.  An overwhelming number of federal courts have specifically found that Section 2923.5 is preempted by HOLA because allegations relating to foreclosure "fall within § 560.2(b)(10) – that is, the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'"[58]

Plaintiffs respond as follows.  First, Plaintiffs cite *Mabry v. Superior Court* to support their argument that the "the exclusive federal regulation of processing and servicing of mortgages under HOLA does not extend beyond mortgage servicing to include preemptive regulation of real

---

[55] *Storm v. Am.'s Servicing Co.*, Case No. 09–CV–1206–IEG–JMA, 2009 WL 3756629, at *6, *8 (S.D. Cal. Nov. 6, 2009).

[56] *See Tamburri*, 2011 WL 6294472, at *5 ("These exceptions and qualifications counsel against a blanket requirement of the tender rule at the pleading stage. The Court thus declines to dismiss the complaint on the basis of her failure to allege tender.").

[57] 12 U.S.C. § 1461.

[58] *See, e.g., Varela v. Wells Fargo Home Mortg.*, Case No. C-12-3502 KAW, 2012 WL 6680261, at *6 (N.D. Cal. Dec. 21, 2012) (quoting 12 C.F.R. §560.2(b)(10)); *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1033 (N.D. Cal. Oct. 27, 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings), *Parcray v. Shea Mortg., Inc.*, Case No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010) (concluding that HOLA preempts section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage").

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

property transfers via non-judicial foreclosures, an area traditionally within the confines of state law as 'real property law.'"[59]   In the simplest of terms, the *Mabry* court held that "since the term 'foreclosure' does not explicitly appear in 12 C.F.R. § 560.2(b), state statutes that can be read to regulate only the foreclosure process, like § 2923.5, are not preempted by HOLA."[60]

However, this district and others have found *Mabry* to be neither binding nor persuasive in its reasoning.[61]   "[L]ooking to the categories of state laws expressly preempted by HOLA is only the first step of the two step inquiry prescribed by the Ninth Circuit."[62]   Other courts have found, after undertaking *both* steps that "the additional notice and disclosure requirements imposed by Section 2923.5 affect lending in a manner that cannot be described as incidental, even if foreclosure activities are not explicitly listed."[63]   For this reason, Section 2923.5 is preempted by HOLA.

Plaintiffs also argue that, as a national bank, "the actions of [Defendant] are not subject to preemption by HOLA . . . instead, the actions of [Defendant] are regulated under the National Bank Act ("NBA")."[64]   But because the loan originated with WaMu, a federally-chartered savings bank, organized and operating under HOLA,[65] courts have held that HOLA preempts all conduct relating to the loan.[66]   Plaintiffs' claims under Section 2923.5 thus are preempted by HOLA.

---

[59] *See* Docket No. 42 at 24.

[60] *Sato v. Wachovia Mortg., FSB*, Case No. 5:11-cv-00810 EJD (PSG), 2011 WL 2784567, at *6 (N.D. Cal. July 13, 2011) (citing *Mabry v. Sup. Ct.*, 185 Cal. App. 4th 208, 231 (2010)).

[61] *See id.*

[62] *Id.* (citing *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008)).

[63] *Id.*

[64] *See* Docket No. 39 at 24.   While Plaintiffs' opposition actually refers to Wells Fargo throughout this argument as the bank in question, the court will assume that Plaintiffs intent the argument to apply to Chase Bank and advises Plaintiffs' counsel to take more care in writing its briefs.

[65] *See* Docket No. 31 at Ex. A.

[66] *Sato*, 2011 WL 2784567, at *5; *DeLeon*, 729 F. Supp. 2d at 1126.

14

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**D.      Violation of UCL**

California's UCL prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice."[67]  "To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising."[68]  "Unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law."[69]  Defendant argues that Plaintiffs have not alleged a predicate wrongful act.  A plaintiff need only allege conduct by which the "'members of the public are likely to be deceived.'"[70]  Plaintiffs' claim for wrongful foreclosure is based on allegations of false assignments and recordations, which, if true, would certainly deceive the public as to the true beneficiary.  Because Plaintiffs' claim of wrongful foreclosure survives, it provides the necessary predicate violation to support Plaintiffs' UCL claim.[71]

**E.      Additional Claim**

In Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs identify an additional claim that Defendant violated RESPA.[72]  Because this claim is not alleged in the complaint, the court may not consider it here.

---

[67] Cal. Bus. & Prof. Code § 17200.

[68] *Lippit v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003).

[69] *Makreas v. First Nat. Bank of Northern California*, 856 F. Supp. 2d 1097, 1102 (N.D. Cal. 2012).

[70] *See Tamburri*, 2011 WL 6294472, at *1027 (quoting *Makreas*, 856 F. Supp. 2d at 1102).

[71] *See Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011) (finding Plaintiff had standing to bring her UCL claim based on wrongful foreclosure-based claims);

[72] *See* Docket No. 39 at 12.

15

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## IV.      CONCLUSION

Defendant's motion to dismiss is GRANTED without leave to amend with respect to the slander of title and violation of California Civil Code Section 2923.5.  Defendant's motion is DENIED with respect to the wrongful foreclosure and UCL claims.

IT IS SO ORDERED.

Dated: May 15, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 5:12-cv-04183-PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**