UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SON T. NGUYEN and HANH T. NGUYEN, <br><br>　　　　　　Plaintiffs, <br>　　v. <br><br>J.P. MORGAN CHASE BANK N.A., <br><br>　　　　　　Defendant. | Case No.: 5:12-cv-04183-PSG <br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br>**(Re: Docket No. 67)** |

In 2005, the Nguyens took out a loan to purchase a house that, it turns out, they could not afford. When faced with foreclosure, they filed this lawsuit. The operative claims survived a motion to dismiss largely due to the court's obligation to assume that the facts of the complaint would be borne out by the evidence. Now, Chase brings a motion effectively arguing that they were not. Having considered the arguments and evidence submitted, the court agrees.

**I.　　BACKGROUND**

In 2005, Plaintiffs took out a loan for $1,175,000.00 from Washington Mutual Bank ("WaMu") that was secured by a Deed of Trust on Plaintiffs' property at 2118 Chisin Street, San Jose, California, 95121. WaMu securitized the loan by assigning the beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company as Trustee for Washington Mutual Mortgage Pass-Through Certificates Series 2005-AR8 Trust ("the Loan Trust") in 2005. In 2008, WaMu

1

Case No.: 5:12-cv-04183-PSG
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

became insolvent and entered into a receivership, with the Federal Deposit Insurance Corporation ("FDIC") acting as the receiver. JP Morgan Chase Bank entered a Purchase and Assumption Agreement ("P&A Agreement") to acquire certain assets, liabilities, and obligations of WaMu.

On June 22, 2009, a Notice of Default under the Deed of Trust was recorded in Santa Clara County Recorder's Office, initiating foreclosure proceedings on the Nguyens' property. The Nguyens allege that on the same day, an Assignment of Deed of Trust also was recorded in Santa Clara County. The Assignment was signed by Huey Jen Chui as Vice President for Defendant and reflected the earlier 2005 securitization process.[1] On September 2, 2010, a Notice of Trustee's Sale was recorded in Santa Clara County Recorder's Office. On February 14, 2011, a second Notice of Trustee's Sale was recorded in the Santa Clara County Recorder's Office.

On August 9, 2012, the Nguyens filed a complaint alleging slander of title and a violation of unfair competition laws. The Nguyens alleged that the Deed of Trust on their property was not effectively included in the assets assumed by Chase, so Chase has no enforceable interest in Plaintiffs' property. The court dismissed that complaint on October 17, 2012 for failure to state a claim on which relief could be granted.[2] The Nguyens subsequently filed an amended complaint setting forth additional causes of action, all which Chase moved to dismiss. The court granted that motion as to all but two causes of action: wrongful foreclosure and a violation of California's Unfair Competition Law. Chase now moves for summary judgment on those two claims.

---

[1] *See* Docket No. 7, Ex. D.

[2] *See* Docket No. 29.

2
Case No.: 5:12-cv-04183-PSG
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## II.     LEGAL STANDARDS

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] There are two distinct steps to a motion for summary judgment. The moving party bears the initial burden of production by identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[4] Where the moving party has the burden of proof at trial, he must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."[5] If the moving party does not bear the burden of proof at trial, however, he may satisfy his burden of proof either by proffering "affirmative evidence negating an element of the non-moving party's claim," or by showing the non-moving party has insufficient evidence to establish an "essential element of the non-moving party's claim."[6] If the moving party meets its initial burden, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact for trial.[7] A material fact is one that might affect the outcome of the suit under the governing law.[8] A dispute is "genuine" if the evidence is such that reasonable minds could differ and find for either party.[9]

---

[3] Fed. R. Civ. P. 56(a).

[4] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007)

[6] *Celotex*, 477 U.S. at 331.

[7] *See id.* at 330; *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 630, 630 (9th Cir. 1987).

[8] *See Anderson*, 477 U.S. at 248.

[9] *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir. 1987).

At this stage, the court does not weigh conflicting evidence or make credibility determinations.[10] Thus, in reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the non-moving party.[11]

### III.   DISCUSSION

The introduction to the Nguyens' opposition brief indicates that they plan to raise three genuine disputes of material fact: "(1) the identity of the beneficiary to Plaintiffs' loan; (2) the presence of an actual agency relationship between Defendant and the beneficiary on whose behalf Defendant claims to be acting; and (3) the standing of Defendant to initiate foreclosure proceedings against Plaintiffs."[12]  However, the brief itself makes clear that the first two questions are really sub-parts of the third, and Chase challenges the Nguyens' standing to raise that third question. Overall, Chase's motion could be granted and judgment entered on any of the following three grounds.

1. **The Nguyens Do Not Have Standing to Challenge The Securitization Process**

The genuine issues of material fact raised by the Nguyens all stem from the securitization process of their loan.[13] Although Chase's original motion argues that the Nguyens do not have standing to raise such issues, the Nguyens' opposition brief contends that they do based on a single California appellate case, *Glaski v. Bank of America*.[14]  Yet as Judge Alsup recently observed,

---

[10] *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

[11] *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[12] Docket No. 69 at 1.

[13] *See id.* at 4-9.

[14] 218 Cal.App.4th 1079 (2013).

4
Case No.: 5:12-cv-04183-PSG
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

"every court in this district that has evaluated *Glaski* has found it unpersuasive,"[15] and rather than proffering arguments or evidence to support *Glaski*, the Nguyens use that section of their opposition brief to attack just one of the many cases Chase cited in support of their position.  With no arguments or evidence to persuade the court to depart from the clear precedent of this district, the undersigned joins with his colleagues in rejecting its logic.   The Nguyens therefore lack standing to challenge the securitization process, which requires a dismissal of their wrongful foreclosure claim.

  2. **The "Genuine Disputes" Put Forth By The Nguyens Have Already Been Resolved.**

Even if the Nguyens did have standing to raise issues with the securitization process, the "disputes" in question have already been resolved.  First, the Nguyens argue that there is a genuine dispute of material fact as to Deutsche's standing as beneficiary on the loan "because the deed of trust was not timely and properly transferred to the trust pool."[16]  This court has already held that the deed of trust was officially and properly transferred to the trust pool in 2005, when the transaction was executed, even though it was not recorded for another four years.[17]  No evidence has been submitted to suggest that 2005 would fall outside of the valid time period for transfer, meaning there is no genuine dispute on the matter.

Next, the Nguyens argue that there is a dispute as to whether WaMu retained the servicing rights to the Deed of Trust, such that they could transfer them to Chase.  However, in their

---

[15] *Zapata v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-04288-WHA, 2013 WL 6491377, at *2 (N.D. Cal., Dec. 10, 2013) (citing *Subramani v. Wells Fargo Bank N.A.,* Case No. 3:13-cv-1605, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) (Conti, J.); *Dahnken v. Wells Fargo Bank, N.A.,* Case No. 3:13-cv-2838, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (Hamilton, J.); *Maxwell v. Deutsche Bank Nat'l Trust Co.,* Case No. 3:13-cv-3957, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013) (Orrick, J.).

[16] Docket No. 69 at 4.

[17] *See* Docket No. 29 at 5-6.

amended complaint the Nguyens acknowledge that WaMu retained the servicing rights, and under Ninth Circuit law, this constitutes a binding admission, leaving no genuine dispute of fact there.[18]

In a last ditch attempt to demonstrate a dispute as to Chase's agency to initiate foreclosure, the Nguyens argue that Irma Ramirez, an employee of Chase, does not have sufficient personal knowledge to testify to Chase's business practices.  However, the Ninth Circuit has specifically allowed employees to testify about such things when they necessarily have knowledge of the facts based on their employment.[19]  Ramirez' declaration indicates that she is employed by chase and that her duties have provided her with access to these facts.  This is more than sufficient to satisfy the personal knowledge requirement for business records.  Accepting Ramirez' sworn declaration eliminates any genuine dispute that Chase was acquired WaMu's servicing rights, and was thus authorized to initiate foreclosure proceedings.   The Nguyens have thus failed to point out any genuine issue of material fact that would remain for decision at trial.

### IV.  CONCLUSION

Chase's motion for summary judgment is GRANTED.  Judgment shall be entered for the defendants, and all pending motions are DENIED.

**IT IS SO ORDERED.**

Dated: January 16, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[18] *See Hakopian v. Mulkasey*, 551 F.3d 843, 846 (9th Cir. 2008) ("Allegations in a complaint are considered judicial admissions").

[19] *See In re Kaypro*, 28 F.3d 1070, 1075 (9th Cir. 2000).